DYE, Circuit Judge,
concurring.
I agree with the majority that the district court did not abuse its discretion in denying the anti-suit injunction sou'ght by Genentech. The majority correctly concludes that the issues litigated in the foreign International Chamber of Commerce arbitration and the United States patent infringement proceeding were not identical. Specifically, it concludes that “the U.S. judgment of non-infringement is not dispositive as to breach of the agreement,” Maj. Op. at 593, and that “the meaning of infringement under the Agreement [arising from German contract law] and the meaning of infringement under U.S. law are not functionally the same.” Maj. Op. at 593. Because identity of issues is a “threshold consideration” that must necessarily be met before an anti-suit injunction may issue, see Microsoft Corp. v. Motorola, Inc., 696 F.3d 872, 882 (9th Cir.2012), the lack of identical issues in the two proceedings is alone sufficient to demonstrate that the district court did not abuse its discretion.
The majority opinion, however, goes on to address the two remaining factors that are sometimes given some weight in determining whether an anti-suit injunction should issue. These issues, as the majority notes, are “whether the foreign litigation would ‘frustrate a policy of the forum issuing the injunction’; and ... ‘whether the [injunction’s] impact on comity would be tolerable.’ ” Applied Med. Distrib. Corp. v. Surgical Co. BV, 587 F.3d 909, 913 (9th Cir.2009) (quoting E. & J. Gallo Winery v. Andina Licores S.A., 446 F.3d 984, 991, 994 (9th Cir.2006)). Here, the majority emphasizes that both the United States’ “strong policy in favor of the enforcement of forium selection clauses,” Gallo, 446 F.3d at 992, and international comity further support the district court’s ruling.
However, despite this language, I do not read the majority as holding that comity and public policies favoring forum selection clauses necessarily foreclose anti-suit injunctions where the issues are the same.
Specifically, there may be instances where, in contrast to this case, the issues raised and resolved in the U.S. patent infringement action were identical to those raised in the international forum. In such instances, the patent holder should not be allowed to make an end run around the U.S. determination by later invoking an international proceeding, and an anti-suit injunction against the foreign proceeding may be appropriate.
In cases cited by the Ninth Circuit in Gallo, 446 F.3d at 995, other circuits have noted that foreign tribunals are not entitled to deference under comity principles where a foreign proceeding is a “blatant attempt to evade the rightful authority of the forum court,” Quaak v. Klynveld Peat Marwick Goerdeler Bedrijfsrevisoren, 361 F.3d 11, 20 (1st Cir.2004), or where the foreign suit “is specifically intended to interfere with and terminate” a suit in the U.S. courts, Laker Airways Ltd. v. Sabena, Belgian World Airlines, 731 F.2d 909, 938 (D.C.Cir.1984). This is especially the case where the foreign proceeding “could amount to an unjustified evasion of United States law injuring significant domestic interests.” Id. There is a strong U.S. “policy of promoting uniform interpretation and enforcement of United States patent law.” *596 Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found., 297 F.3d 1343, 1356 (Fed.Cir.2002). Where a paten-tee chooses to litigate in a U.S. forum and loses, it would be unreasonable to give the patentee a second bite at the apple that would undo the U.S. judgment. This is not the situation here because of the different issues involved in the two proceedings, but an anti-suit injunction may be appropriate in future cases.